**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., | |
| Plaintiff, | Case No. 26-cv-08200 |
| v. | **Judge Manish S. Shah** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | **Magistrate Judge Maria Valdez** |
| Defendants. | |

## DECLARATION OF AMANDA DHALLUIN

I, Amanda Dhalluin, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am Vice President of Global Brand Commercialization for Disney at The Walt Disney Company. I am knowledgeable about, or have access to, Disney Enterprises, Inc.'s ("Plaintiff" or "DEI") business records concerning DEI's brand protection operation including, but not limited to, its trademarks, copyrights, sales, licensees, online sales, advertising, marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge save where otherwise stated.

3. Plaintiff Disney Enterprises, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California. DEI owns the trademark rights and copyrighted works asserted herein, which relate to DEI's Lilo & Stitch franchise.

1

4.  DEI's Lilo & Stitch franchise originated with the 2002 animated feature film *Lilo & Stitch*, written and directed by Chris Sanders and Dean DeBlois and released by Walt Disney Pictures. The film earned a nomination for the Academy Award for Best Animated Feature and grossed over $250 million at the worldwide box office. DEI expanded the franchise with three sequels (*Stitch! The Movie* in 2003, *Lilo & Stitch 2: Stitch Has a Glitch* in 2005, and *Leroy & Stitch* in 2006), three animated television series (*Lilo & Stitch: The Series*, *Stitch!*, and *Stitch & Ai*), and numerous shorts, specials, and related media. In 2025, a live-action reimagining of the original movie, also titled *Lilo & Stitch*, was released and grossed over $1 billion at the worldwide box office.

5.  Over more than two decades, DEI's Lilo & Stitch franchise has achieved enduring global popularity, and the character Stitch has become one of DEI's most recognizable and beloved properties worldwide. DEI has featured Lilo & Stitch-themed attractions at multiple Disney parks around the world, including Stitch Encounter at Tokyo Disneyland, Space Chat with Stitch at Shanghai Disneyland, Stitch Live! at Disney Adventure World at Disneyland Paris, and The Enchanted Tiki Room: Stitch Presents "Aloha E Komo Mai!" at Tokyo Disneyland. The Lilo & Stitch franchise has generated an extensive line of merchandise, multiple video games across various gaming platforms, and continues to drive significant engagement on DEI's direct-to-consumer platforms.

6.  DEI, through its authorized licensees and retail channels, markets and sells a wide variety of Lilo & Stitch branded products, including apparel, accessories, toys, plush dolls, homeware, stationery, books, and other merchandise bearing DEI's trademarks and copyrighted works related to its Lilo & Stitch franchise (collectively, "Disney Stitch Products"). Disney Stitch Products are distributed through authorized licensees, DEI-

operated retail stores, DEI-operated theme parks and resorts, and DEI's own e-commerce channels, including disneystore.com. Among the purchasing public, Disney Stitch Products are instantly recognizable as authorized DEI merchandise—a status that reflects DEI's longstanding investment in quality control, marketing, and brand development.

7. Before Defendants' acts described herein, DEI launched the Lilo & Stitch franchise and related lines of products bearing its famous Lilo & Stitch marks. DEI has also registered a character art toolkit and various style guides, including the distinctive characters embodied therein, with the United States Copyright Office (the "Disney Stitch Copyrighted Works").

8. The Disney Stitch Copyrighted Works are registered with the United States Copyright Office. True and correct copies of the records from the U.S. Copyright Office website for the Disney Stitch Copyrighted Works are attached hereto as **Exhibit 1**. Some of the characters contained in the Disney Stitch Copyrighted Works are included in the chart below:

| **Stitch** |  |
|---|---|



| | |
|---|---|
| **Angel** | |
| **Lilo** | |

9. Among the exclusive rights granted to DEI under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Disney Stitch Copyrighted Works to the public. Since first publication, the Disney Stitch Copyrighted Works have been used on Disney Stitch Products and are featured at various DEI-operated theme parks and attractions, stores owned and/or controlled by DEI, and on DEI's disneystore.com website.

10. In addition to its numerous registrations for its famous DISNEY mark, DEI has also registered many trademarks deriving from the Lilo & Stitch franchise with the United States Patent and Trademark Office, and Disney Stitch Products typically include at least one of DEI's registered trademarks. DEI uses its trademarks in connection with the marketing of Disney Stitch Products, including the following registered marks which are collectively referred to as the "Disney Trademarks."

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 7,204,797 | DISNEY STITCH | Oct. 31, 2023 | For: Headphones in Class 009 |
| 7,204,796 | DISNEY STITCH | Oct. 31, 2023 | For: Cosmetics in Class 003 |
| 7,035,462 | DISNEY STITCH | Apr. 25, 2023 | For: Quilts, throws in Class 024. |

| 7,035,461 | DISNEY STITCH | Apr. 25, 2023 | For: Action figures; collectable toy figures; plush toys; toy figurines in Class 028. |
|---|---|---|---|
| 7,035,460 | DISNEY STITCH | Apr. 25, 2023 | For: Sleepwear, socks, sweatshirts, t-shirts, tops as clothing, bottoms as clothing; headwear; footwear in Class 025. |
| 7,035,458 | DISNEY STITCH | Apr. 25, 2023 | For: Bookmarks; printed calendars; printed children's activity books; decals; stickers in Class 016. |
| 2,845,107 | LILO & STITCH | May 25, 2004 | For: Pre-recorded compact discs featuring music for children; DVD's featuring animated entertainment for children and adults in Class 009. |
| 2,821,509 | LILO & STITCH | Mar. 09, 2004 | For: Shirts; t-shirts in Class 025 |

| 2,811,097 | LILO & STITCH | Feb. 03, 2004 | For: action figures and accessories therefore; plush toys; board games; dolls; jigsaw puzzles; toy figurines in Class 028. |
|---|---|---|---|
| 2,802,901 | LILO AND STITCH | Jan. 06, 2004 | For: Books featuring stories for children; stickers in Class 016. |
| 3,490,082 | DISNEY | Aug. 19, 2008 | For: Photograph albums; appointment books; autograph books; baby books; paper party bags; binders; bookends; books featuring stories, games and activities for children; gift cards; cartoon prints; pen and pencil cases; children's activity books; modeling clay; coloring books; comic books; paper party hats; paper napkins; stationery; posters; staplers; writing paper; envelopes; postcards; trading cards in Class 016. |
| 7,122,867 | DISNEY | Jul. 25, 2023 | For: Wedding dresses; wedding gowns; dresses; sleepwear; loungewear; tops as clothing; jackets; sweatshirts; sweaters; bottoms as clothing; swimwear; underwear; Veils in Class 025. |

| 4,208,634 | DISNEY | Sep. 18, 2012 | For: Hair accessories, namely, barrettes; shoe laces in Class 026. |
|---|---|---|---|
| 1,162,727 | DISNEY | Jul. 28, 1981 | For: Children's Story Books in Class 016. |
| 3,340,426 | DISNEY | Nov. 20, 2007 | For: cloth bibs for infants; underwear; Halloween costumes; masquerade costumes; dresses; hats; caps; shoes; shorts; tank tops; vests; robes; night gowns; head bands; skirts; coats; slippers; boots; sandals in Class 025. |
| 3,328,006 | DISNEY | Oct. 30, 2007 | For: appliques in the form of decals; arts and craft paint kits; ball-point pens; bookmarks; periodicals and magazines all featuring stories, games and activities for children; calendars; greeting cards; decorative paper centerpieces; paper party decorations; diaries; gift wrapping paper; pens; pencils; stickers; notebooks; memo pads; erasers; pencil sharpeners in Class 016. |

8

| 4,042,815 | DISNEY | Oct. 18, 2011 | For: Non-medicated toiletries, cosmetics, dentifrices in Class 003.<br><br>For: Jewelry, watches, clocks, jewelry boxes not made of precious metals in Class 014. |
|---|---|---|---|
| 4,063,531 | DISNEY | Nov. 29, 2011 | For: Articles made from imitations of leather, namely, luggage and luggage tags; bags, namely, backpacks, book bags, duffel bags, and overnight bags; shopping bags of textile; tote bags; purses; handbags; wallets; umbrellas in Class 018.<br><br>For: Picture frames; mirrors; pillows; furniture in Class 020.<br><br>For: Housewares, namely, bowls, cake pans, cake molds, cookie cutters, cups, decorative plates, dishes, figurines made of ceramics or porcelain, mugs, plates, sports bottles sold empty, and thermal insulated containers for food or beverage; dinnerware; beverageware; plastic cups; cookie jars; paper plates in Class 021.<br><br>For: Bath towels; bed sheets; bed skirts; blanket throws; comforters; crib bumpers; curtains; hooded towels; pillow cases; pillow covers; |

9

| | | | |
|---|---|---|---|
| | | | throws; towels; washcloths; bed linen; bath linen; household linen in Class 024. |
| 3,432,510 | DISNEY | May 20, 2008 | For: ACTION FIGURES AND ACCESSORIES; ACTION SKILL GAMES; PLUSH TOYS; BALLOONS; BATH TOYS; CHRISTMAS TREE ORNAMENTS; BOARD GAMES; TOY BUILDING BLOCKS; PLAYING CARDS; DOLLS AND DOLL CLOTHING; DOLL PLAYSETS; CRIB TOYS; MANIPULATIVE GAMES; JIGSAW PUZZLES; KITES; MUSIC BOX TOYS; PARTY FAVORS IN THE NATURE OF SMALL TOYS; INFLATABLE POOL TOYS; DISC-TYPE TOSS TOYS; TOY VEHICLES; MODEL TOY CARS; HAND-HELD UNIT FOR PLAYING ELECTRONIC GAMES; MUSICAL TOYS; MODELED PLASTIC TOY FIGURINES; TOY BANKS; PUPPETS; YO-YOS; TOY SCOOTERS; TALKING TOYS; BUBBLE MAKING WANDS AND SOLUTION SETS; MODEL TOY TRUCKS in Class 028. |

| 3,328,009 | DISNEY | Oct. 30, 2007 | For: Eyeglasses, sunglasses, in Class 009. |
|---|---|---|---|
| 3,088,198 | DISNEY | May 02, 2006 | For: Infant wear; jackets; pajamas; pants; sweat pants; sweat shirts; shirts; sleepers; socks; T-shirts and night shirts in Class 025. |
| 3,235,413 | DISNEY | Apr. 24, 2007 | For: Pre-recorded compact discs featuring music, stories and games for children; pre-recorded digital video discs featuring animated children's adventure and comedy movies and music; computer game programs; motion picture films in the field of animated children's comedy and adventure, live-action comedy, drama and TV shows; digital audio players; digital cameras in Class 009. |

11. The U.S. registrations for the Disney Trademarks are valid, subsisting, and in full force and effect, and some are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Disney Trademarks constitute *prima facie* evidence of their validity and of DEI's exclusive right to use the Disney Trademarks pursuant to 15 U.S.C. § 1057(b) and, in the case of DEI's incontestable registrations, the registrations constitute conclusive evidence

of their validity and of DEI's exclusive right to use said marks pursuant to 15 U.S.C. § 1115(b). True and correct copies of the United States Registration Certificates for the Disney Trademarks are attached hereto as **Exhibit 2**.

12. The Disney Trademarks are exclusive to DEI and are displayed extensively on Disney Stitch Products and in marketing and promotional materials. The Disney Trademarks are also distinctive when applied to Disney Stitch Products, signifying to the purchaser that the products are authorized by DEI and are manufactured according to DEI's quality, safety, and international labor standards.

13. DEI's use of the Disney Trademarks has built substantial goodwill in the Disney Trademarks. As such, the Disney Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and have never been abandoned. The success of the Lilo & Stitch franchise, in addition to the marketing of Disney Stitch Products, has enabled the Lilo & Stitch brand to achieve widespread recognition and fame and has made the Disney Trademarks some of the most well-known marks in the entertainment industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Lilo & Stitch brand have made the Disney Trademarks valuable assets of DEI.

14. Products bearing the Disney Trademarks have been the subject of substantial and continuous marketing and promotion. DEI has marketed and promoted, and continues to market and promote, Disney Stitch Products in the industry and to consumers through traditional print media, authorized retailers, social media sites, point of sale material, and DEI's disneystore.com website.

15. DEI has expended substantial time, money, and other resources advertising, promoting, and marketing Disney Stitch Products. Disney Stitch Products have also been the subject

of extensive publicity due to the success of the Lilo & Stitch brand. As a result, products bearing the Disney Trademarks are widely recognized and exclusively associated by consumers as being high-quality products sourced from DEI. The Disney Trademarks have achieved global fame and recognition, adding to the inherent distinctiveness of the marks. As such, the goodwill associated with the Disney Trademarks is of immeasurable value to DEI.

16. Disney Stitch Products are sold only by DEI or through authorized licensees and are recognized by the public as being exclusively associated with the Lilo & Stitch and DISNEY brands.

17. The success of the Lilo & Stitch brand has resulted in significant counterfeiting of the Disney Trademarks and infringement of the Disney Stitch Copyrighted Works. To protect its brands, DEI regularly investigates suspicious websites and online marketplace listings. Recently, DEI identified many fully interactive e-commerce stores offering products using infringing and counterfeit versions of the Disney Trademarks and/or unauthorized copies of the Disney Stitch Copyrighted Works ("Unauthorized Products") on online marketplace platforms like Aliexpress.com ("AliExpress"), Amazon.com, Inc. ("Amazon"), Dhgate.com ("DHGate"), eBay, Inc. ("eBay"), Fruugo.com Limited ("Fruugo"), Roadget Business PTE. Ltd. ("SHEIN"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States.

18. Defendants are collectively causing harm to DEI's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' activities, occurring at the same time and in

13

the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination of all Defendants engaging in the same illegal activity in the same time span causes collective harm to DEI in a way that individual actions, occurring alone, might not. These collective harms include diversion of sales from DEI and its authorized licensees, erosion of the value of DEI's licensing relationships, dilution of DEI's brand equity, and consumer confusion that damages DEI's ability to control the quality and presentation of products bearing the Disney Trademarks and Disney Stitch Copyrighted Works.

19.    Defendants are working to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from DEI have knowingly and willfully used, and continue to use, the Disney Trademarks and/or copies of the Disney Stitch Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

20.    Monetary damages alone cannot adequately compensate DEI for ongoing infringement because monetary damages fail to address the loss of control of and damage to DEI's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to DEI's reputation and goodwill by acts of infringement.

21.    DEI's goodwill and reputation are irreparably damaged when the Disney Trademarks are used in connection with the offering for sale or sale of goods not authorized, produced, or

manufactured by DEI. DEI's goodwill and reputation are also irreparably damaged when the Disney Stitch Copyrighted Works are reproduced, distributed, and displayed to the public without its permission. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to DEI's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

22. DEI is further irreparably harmed by the unauthorized use of the Disney Trademarks and Disney Stitch Copyrighted Works because counterfeiters and infringers take away DEI's ability to control the nature and quality of the Unauthorized Products. Loss of quality control over goods offered for sale or sold under the Disney Trademarks or that copy the Disney Stitch Copyrighted Works and, in turn, loss of control over DEI's reputation is neither calculable nor precisely compensable.

23. The use of the Disney Trademarks in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by DEI is likely causing and will continue to cause consumer confusion, which weakens DEI's brand recognition and reputation. Consumers who mistakenly believe that the Unauthorized Products originate from DEI will come to believe that DEI offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with Disney Stitch Products, resulting in a loss or undermining of DEI's reputation and goodwill. Indeed, there is damage to DEI's reputation and goodwill even if a consumer knows the goods they are purchasing are counterfeit. Prospective consumers who see Unauthorized Products used by others may mistakenly believe such goods to be genuine and may consequently develop a

15

poor impression of DEI and its trademarks. Such post-sale confusion results in damage to DEI's reputation and correlates to a loss of unquantifiable future sales.

24. DEI is further irreparably damaged due to a loss of exclusivity. Disney Stitch Products are meant to be exclusive. DEI's extensive marketing efforts and distribution of Disney Stitch Products are aimed at growing and sustaining sales of Disney Stitch Products. The Disney Trademarks are distinctive and signify to consumers that the products originate from DEI and are manufactured to DEI's high-quality standards. When counterfeiters use the Disney Trademarks to offer for sale or sell goods without DEI's authorization, the exclusivity of DEI's products, as well as DEI's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

25. DEI will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26th_____, 2026, at Glendale, California.

_____
Amanda Dhalluin

16